J-S50036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL A. BAIDEME | : | |
| | : | |
| Appellant | : | No. 411 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 3, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000458-2017

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 13, 2019**

Appellant, Darryl A. Baideme, appeals from the aggregate judgment of sentence of 16 to 32 months of confinement, which was imposed after his jury trial convictions for deceptive business practices, theft by unlawful taking, theft by deception, making a false statement to induce an agreement for home improvement services, and receiving advance payment for services and failing to perform such services.[1]  Appellant has failed to preserve any issues for our review.  Accordingly, we affirm.

During Appellant's trial --

One jury member was dismissed prior to deliberations[.] . . . On August 15, 2017, one of the jurors informed the Tipstaff that he

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 4107(a)(2), 3921(a), and 3922(a)(1) and 73 P.S. § 517.8(a)(1) and (2), respectively.

had seen a story about the Appellant's other pending charges on television. . . . The juror was excused without issue and replaced with an alternate juror.

Trial Court Opinion, filed April 18, 2019, at 1-2 (citing N.T., 8/15/2017, at 6).

Appellant never challenged the weight of the evidence orally or by written motion prior to sentencing and did not file any post-sentence motions. Subsequent to the trial court reinstating Appellant's direct appeal rights *nunc pro tunc*, Appellant filed this timely direct appeal.[2]

Appellant now presents the following issues for our review:

1.      Whether the [trial c]ourt erred in failing to summarily direct a sequestration of the jury or a change of venue or venire given the pervasive publicity arising from the instant criminal charges and ensuing trial, specifically the contention that there was extensive and pervasive news coverage of his trial and charges and that there was a Facebook page denominated "Stop Baideme Construction" to which the jury panel was likely exposed?

2.      Whether one of the jury members was tainted and displayed some connection with one of the alleged victims and actually waved at one of the victims during the course of the trial?

3.      Whether the [trial] court erred in accepting a challenge to [t]he sufficiency of the evidence given the questions arising from the basic credibility of the alleged victim based upon her self-admitted deception and lack of veracity and candor on the stand?

4.      Whether the sentence imposed was patently excessive and failed to comport with [Appellant]'s past history resulting in the severity of the sentence being disproportionate to the rehabilitative needs of [Appellant] and the protection of society?

_____

[2] Appellant filed his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on April 2, 2019.  The trial court entered its opinion on April 18, 2019.  The Commonwealth's brief to this Court was due July 31, 2019, but the Commonwealth has not filed a brief nor contacted this Court's Prothonotary to inform us that it was electing not to submit one.

Appellant's Brief at 2.

In the "Argument" section of his brief to this Court, Appellant has failed to include any citations to the record or to case or statutory law. Appellant's Brief at 4-6. All of Appellant's issues are thereby waived. ***See, e.g.***, ***Commonwealth v. Spotz***, 18 A.3d 244, 281 n.21 (Pa. 2011) (without a "developed, reasoned, supported, or even intelligible argument[, t]he matter is waived for lack of development"); ***In re Estate of Whitley***, 50 A.3d 203, 209 (Pa. Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority" (internal citations and quotation marks omitted)); ***Commonwealth v. Sullivan***, 864 A.2d 1246, 1248-49 (Pa. Super. 2004) (citing ***Commonwealth v. Mercado***, 649 A.2d 946, 954 (Pa. Super. 1994) (failure to provide support for an issue may result in waiver of the claim)).

Assuming Appellant's first issue had been properly developed and supported, ***see*** Appellant's Brief at 5, it would still be meritless, because the only evidence of "publicity" relating to Appellant's trial concerned one juror who was dismissed prior to deliberations. Trial Court Opinion, filed April 18, 2019, at 1-2 (citing N.T., 8/15/2017, at 6).

Assuming *arguendo* that Appellant had discussed and supported his second challenge on appeal, *i.e.*, that a juror's alleged "affiliation with a

victim/witness" somehow "tainted" the "voir dire process", Appellant's Brief at 5, he has failed to indicate where he preserved this claim before the trial court, and neither we nor the trial court can find any indication that Appellant raised this issue prior to his concise statement of errors complained of on appeal. Trial Court Opinion, filed April 18, 2019, at 1. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, Appellant has also waived his second claim for this reason.

Additionally, despite Appellant's attempt to label his third issue disputing the credibility of a Commonwealth witness as a challenge to the "sufficiency" of the evidence, Appellant's Brief at 2, 6, "[a] sufficiency of the evidence review . . . does not include an assessment of the credibility of the testimony offered by the Commonwealth. Such a claim is more properly characterized as a weight of the evidence challenge." **Commonwealth v. Wilson**, 825 A.2d 710, 713-14 (Pa. Super. 2003) (citation omitted). A challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607(A)(1)-(3) provides:

> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or
> >
> > (3) in a post-sentence motion.

A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009) ("The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed Appellant's weight claim in its Pa.R.A.P. 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion."). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." *Commonwealth v. Weir*, 201 A.3d 163, 167 (Pa. Super. 2018); *see also* Comment to Pa.R.Crim.P. 607 ("The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived."). Instantly, Appellant failed to challenge the weight of the evidence orally, on the record, at the conclusion of his trial or at any time during his sentencing hearing. *See* Pa.R.Crim.P. 607(A)(1). He also failed to file any written motions challenging the weight of the evidence. *See* Pa.R.Crim.P. 607(A)(2)-(3). Rather, Appellant impermissibly raised his weight claim for the first time in his Rule 1925(b) Statement. *See Sherwood*, 982 A.2d at 494. Thus, his challenge to the weight of the evidence is waived for this reason as well. *See* Pa.R.Crim.P. 607(A); *Sherwood*, 982 A.2d at 494; *Weir*, 201 A.3d at 167.

Appellant's final issue is a challenge to the discretionary aspects of sentencing. Appellant's Brief at 2, 6.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). Although Appellant filed a timely notice of appeal and included a statement in his brief pursuant to Pa.R.A.P. 2119(f), Appellant's Brief at 4, Appellant failed to preserve this issue at sentencing and filed no post-sentence motions. Consequently, Appellant has failed to preserve this final issue for this reason as well.

Assuming, for argument's sake, that Appellant had properly preserved his challenge to the discretionary aspects of sentencing pursuant to Pa.R.Crim.P. 720 and had provided a supported discussion of this issue in the "Argument" portion of his brief, his brief's statement pursuant to Pa.R.A.P. 2119(f) still fails to raise a substantial question meriting our discretionary review. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing

process." ***Manivannan***, 186 A.3d at 489 (quotation marks and some citations omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists. It is settled that this Court does not accept bald assertions of sentencing errors." ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). The argument in Appellant's Pa.R.A.P. 2119(f) statement as to why his challenge merits our discretionary review consists of one sentence:

> As to the instant case, and sentence at issue, the fundamental norm violated was that the sentencing scheme was compromised in that the sentencing court imposed a patently disproportionate sentence based upon [Appellant]'s history and the policy objective of serving the rehabilitative needs and the protection of society in tandem.

Appellant's Brief at 4. Although claims that a sentence is inconsistent with an appellant's rehabilitative needs and with the protection of the public can raise a substantial question, ***Commonwealth v. Hill***, 66 A.3d 365, 369 (Pa. Super. 2013), the appellant must still "advance[] a colorable argument" as to how these concepts apply to his individual circumstances. ***Manivannan***, 186 A.3d at 489. Appellant's Pa.R.A.P. 2119(f) statement fails to address how **his** sentence is inconsistent with the protection of the public or what **his** particular rehabilitative needs even are. ***See*** Appellant's Brief at 4. We cannot accept Appellant's "bald assertions of sentencing errors." ***Radecki***, 180 A.3d at 468. *Ergo*, even if Appellant's challenge to the discretionary aspects of sentencing had been properly argued and preserved elsewhere, we would still find his

claim waived for failure to raise a substantial question in his Pa.R.A.P. 2119(f) statement.

As Appellant has failed to preserve any issues for our review, we affirm the judgment of sentence. ***In re K.L.S.***, 934 A.2d 1244, 1246 n.3 (Pa. 2007) (where issues are waived on appeal, we should affirm rather than quash).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/13/2019